28 843
43 524

CASSIE A. SMALL V. JOSEPH SMALL.

[FILED FEBRUARY 25, 1890.]

1. **Divorce:** ADULTERY. On the evidence contained in the record, *held*, that the charge of adultery against the defendant was fully proved, while a like charge against the plaintiff was not sustained.

2. **Alimony:** GROUNDS. In allowing alimony the court will consider the ability of the husband, the estate, if any, of the wife, and the situation of the parties, and will render such a decree as under the circumstances will be just and equitable.

3. ———. Decree for $20 per month alimony in addition to the homestead, *held*, to be excessive.

4. **Custody of child** was, on the proof, properly given to the mother.

APPEAL from the district court for Douglas county. Heard below before DOANE, J.

*Charles Offutt*, for appellant, cited: *Barton v. Thompson*, 46 Ia., 30; *Berckmans v. Berckmans*, 17 N. J. Eq.,

453; *Freeman v. Freeman,* 31 Wis., 235; 37 Id., 38; 2 Bishop, Mar. & Div. [6th Ed.], 6, 642; 2 Greenleaf, Ev. [14th Ed.], sec. 51; *Lady Kirkwall's Case,* 2 Hagg. Consistory [Eng.], 277; *Ross v. Ross,* 1 P. & D. [Eng.], 734; *Thomas v. Thomas,* 2 Swab. & Tr. [Eng.], 113, 118; *Gipps v. Gipps,* 3 Id., 116; *Hedden v. Hedden,* 6 C. E. Green [N. J.], 61; *Rogers v. Rogers,* 122 Mass., 423; *Pitts v. Pitts,* 52 N. Y., 593; *Dance v. Dance,* 3 Eng. Eccl., 341; *Burns v. Burns,* 60 Ind., 259; *Betz v. Betz,* 2 Rob. [N. Y.], 694; *Mortimer v. Mortimer,* 4 Eng. Eccl., 543; *Marble v. Marble,* 36 Mich., 387; *Dailey v. Dailey,* Wright·[O.], 514; McKenzie, Crim. Law, 177; *Burgess v. Burgess,* 4 Eng. Eccl., 527; *Grant v. Grant,* 7 Id., 3; *Shafer v. Shafer,* 10 Neb., 472; *Smith v. Smith,* 19 Id., 715; Daniel, Ch. Pr. [4th Ed.], p. 1072; *Tappen v. Evans,* 11 N. H., 311; *Andrews v. Pritchett,* 66 N. Car., 387; *Townsend v. Graves,* 3 Paige [N. Y.], 453; *Pomeroy v. Winship,* 12 Mass., 514; *Lapreese v. Falls,* 7 Ind., 692; *Fisher v. Porch,* 2 Stock. [N. J.], 243; *Hooe v. Marquess,* 4 Call [Va.], 416; *Marshall v. Thompson,* 2 Munf. [Va.], 412; *Dale v. Roosevelt,* 8 Cow. [N. Y.], 333; *Lea v. Beatty,* 8 Dana [Ky.], 207; *Marston v. Brackett,* 9 N. H., 336; *Hoitt v. Burleigh,* 18 Id., 389; *Oades v. Oades,* 6 Neb., 306.

*A. C. Wakeley, contra,* cited: 2 Greenleaf, Ev., sec. 54, and cases.

Maxwell, J.

The plaintiff brought an action for a divorce in the district court of Douglas county and on the trial of the cause a decree was rendered as follows:

" That the said plaintiff and the said defendant were married on July 29, 1875; that the said plaintiff has since said marriage conducted herself towards the said defendant as a faithful, chaste, and obedient wife; that said defendant has since said marriage been guilty of adultery, and that

the said plaintiff has not since the discovery of the same condoned said offense.

"It is therefore considered and adjudged, first, that the said defendant be divorced from said plaintiff, and that said divorce be from the bonds of matrimony.

"The court further finds that the only issue of said marriage is one child, to-wit, David Albert Small. It is further ordered, adjudged, and decreed that the said plaintiff is, until otherwise ordered by the court, entitled to the sole possession of the following described premises, to-wit, the south 35 feet of lot 2, in block 6, in Patrick's 1st addition to the city of Omaha; said property being the homestead of the said plaintiff.

"That said plaintiff have and recover from said defendant the sum of $20 per month alimony; said alimony to date from January 1, 1889, but to be paid upon the first day of each succeeding month, and that said defendant pay the costs of suit."

The defendant appeals.

Without attempting to review the evidence at length it is sufficient to say that it fully sustains the finding of the court as to the charge of adultery against the defendant, while the counter charge made by the defendant against the plaintiff is not sustained.

The care and custody of the only child, the issue of said marriage, was, on the proof in the record, properly given to the plaintiff.

The decree of $20 per month as alimony, in addition to the homestead, appears to be excessive. In apportioning alimony the court will consider the ability of the husband, the estate, if any, of the wife, and the situation of the parties, and will render such a decree as under the circumstances will be just and equitable. (*Smith v. Smith,* 19 Neb., 715; *Shafer v. Shafer,* 10 Id., 472.) The resources of the defendant are quite limited, as well as those of the plaintiff. In order to protect her in the enjoyment of the home-

stead it may be necessary to make a further order in regard to the same, but that question is not now before the court.

The decree will be modified by omitting therefrom the provision for $20 per month as alimony, and as thus modified the decree is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.