SARAH McGECHIE, APPELLEE, V. S. A. McGECHIE,
APPELLANT.

FILED JANUARY 17, 1895.   No. 6131.

1. Alimony should not be awarded a wife in installments during
   her life.

2. The decree in this case is modified by eliminating therefrom
   the provision for $10 per month as continuing alimony.

APPEAL from the district court of Richardson county.
Heard below before BUSH, J.

*Frank Martin,* for appellant, cited: *Boyd v. Boyd,* 1
Harp. Eq. [S. Car.], 144; *Atkins v. Atkins,* 13 Neb., 272;
*Smith v. Smith,* 19 Neb., 706; *McConahey v. McConahey,*
21 Neb., 463; *Small v. Small,* 28 Neb., 843.

*E. W. Thomas* and *J. S. Stull, contra,* cited: *Vert v. Vert,*
54 N. W. Rep. [S. Dak.], 655.

NORVAL, C. J.

This is an action for divorce and alimony.   A decree of
divorce was granted the plaintiff.   She was awarded the
custody of the minor children and the defendant was
ordered to pay the plaintiff alimony in the sum of $500
within thirty days from the entry of the decree and, in ad-
dition thereto, the further sum of $10 per month continu-
ing alimony, payable monthly, commencing on the 1st day
of January, 1893.   The defendant appeals from that por-
tion of decree relating to the wife's allowance.

The evidence shows that the defendant is a farmer, and
at the time of the trial owned a two-thirds interest in three
lots in the town of Auburn, worth $600 or $700, three
horses, two colts, a cow and calf, about 800 bushels of corn,
one wagon, and some farming implements.   The value of

his property, real as well as personal, does not exceed $1,000. RAGAN, C., in his opinion in the case of *Cochran v. Cochran*, 42 Neb., 612, observes: "There is no fixed rule for determining what portion of a husband's estate should be decreed to his wife for alimony. The amount should be just and equitable, due regard being had for the rights of each party, the ability of the husband, the estate of the wife, and the character and situation of the parties." (See *Smith v. Smith*, 19 Neb., 706.) Testing the facts in the case before us by the foregoing rule we are fully persuaded that the allowance of $10 per month indefinitely for the support of the plaintiff, in addition to the sum of $500 awarded her, is excessive. We do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time. (*Small v. Small*, 28 Neb., 843; *Cochran v. Cochran*, 42 Neb., 612.) The decree of the court below is modified by striking therefrom the provision for $10 per month as continuing alimony. In all other respects the decree is affirmed.

JUDGMENT ACCORDINGLY.