JOHN I. TAMINOSIAN, APPELLANT, v. ELLEN G. TAMINOSIAN, APPELLEE.

FILED JUNE 26, 1928. No. 26093.

*C. E. Walsh,* for appellant.

*Shotwell, Ready & Shotwell* and *Paul S. Sutton, contra.*

Heard before GOSS, C. J., THOMPSON, EBERLY and HOWELL, JJ., and BEGLEY and BROADY, District Judges.

BROADY, District Judge.

This is an action for divorce brought by the husband who is appellant in this court. The wife, the appellee, by answer and cross-petition asked for affirmative relief on the grounds of cruelty and nonsupport. The trial court awarded a divorce to the wife and, in lieu of alimony, decreed the full title of the home property to the wife, and permanently enjoined the plaintiff, the husband, from coming upon the premises for any purpose or from appearing

near the premises in a threatening and menacing manner. The parties occupied the premises as a home and also a cleaning establishment and rug repairing business, which they operated at their home, and this business, other than the rug branch, was given to the wife exclusively. The husband appeals and complains bitterly against the award of the premises to the wife and the injunction preventing him from going upon the property. He also complains against that part of the decree that awards the custody of all the children to the wife and restraining him from the use of the trade-name in the cleaning business.

These parties are naturalized Armenians and were married in 1906. They have three children, two daughters, about 21 and 19 respectively, and a son 13 years of age. The two eldest are self-supporting and the son is a school boy and part time, at least, sells newspapers. At the time of the marriage the husband either owned or bought the lot on which the home now stands and since then has made the house his present home and has made some additions thereto. During all of this time they have conducted a clothes cleaning business, and the plaintiff is an expert oriental rug-repair man and has conducted a more or less extensive business in that line in one part of the premises. The evidence shows that the principal income from the business for the family has been the cleaning and pressing business, and that the wife has done most of the hard work in that department. While the husband disputes that statement and claims that he has done most of the work, the testimony of the children and others amply supports the contention of the wife that she herself did most of the actual work in the cleaning and pressing department. The husband says in one place that he was "general manager" and "I did all the soliciting and then when I went to fish I did the soliciting and brought work to the house."

It would serve no useful purpose to attempt to review the evidence in this opinion. It is sufficient to say that for a number of years these people have been quarreling more or less bitterly. While the wife's showing of physi-

cal cruelty is not very convincing, there is evidence that at one time he took hold of her by the throat; and the son tells us that on that occasion, or soon after, he found his mother lying on the floor crying. One of the daughters testifies that the father used abusive language to the mother, stated that she did not want to repeat it to the court, and said that when the father would start in on these outbursts she would leave rather than remain and hear it. The children all testify in the highest terms of their mother, to the effect generally that she was hard-working and industrious; that she kept a good home for them. They also testify that the mother was the main support of the family, and that she did practically all of the work in the clothes pressing and cleaning business. The evidence amply supports the decree in awarding a divorce to the wife.

As to the award of the property and business to the wife, the evidence shows clearly that the wife is the main worker in at least the clothes cleaning and pressing business. The husband did little, if anything, more than possibly soliciting business and making collections and matters of that kind. The income of the business is meager and not at all lucrative. One daughter, at least, is self-supporting, and remains at home and has paid for some time the building and loan dues on the home property. The property is worth from $5,000 to $6,000, and at the present time is incumbered for $3,000, and, from reading the record on this question, we think the district court correctly found that the equity in the property does not exceed $2,000. The cleaning and pressing business was carried on under the trade-name of "Dundee Cleaning Company," and is the principal source of income of the family, and the continued operation of the business is the only source of income which the wife has in support of herself and minor child. The award of the premises and the business to the defendant was proper. It would be doing less than nothing, in view of the conditions existing in this family, to permit the husband to go upon the premises, and the injunction to prevent the husband from going upon the premises and

interfering with the wife in any way in the peaceable occupation of the premises is proper.

While the decree of the district court is somewhat indefinite as to the right of the father to visit the children or have the children with him, the father bitterly complains on his part and expresses an affectionate desire to visit with and retain the affection of the children. We do not feel that either parent should be deprived of the love and affection of his own children so long as the same can be agreeably retained. The daughters are practically of age now and ought to be able to determine that question for themselves, and we think, so far as the decree attempts to prohibit the father from visiting the children, it should be modified to the extent of permitting the daughters to visit with the father, if they so desire. But under the circumstances in this case the visitations should be at a place other than at the home of the mother, unless it should be with the mother's consent. The father should also have the right to have the son with him one day in each week, if the boy wants to go with him, provided the father does not molest or interfere with the mother or her peaceable occupancy of the home premises.

The decree of the district court is modified to the extent that the children be permitted to visit the father as above indicated, and affirmed in all other respects.

AFFIRMED AS MODIFIED.