MYRTLE E. SWANSON, APPELLANT, V. ARTHUR E. SWANSON, APPELLEE.

290 N. W. 908

FILED MARCH 15, 1940. No. 30696.

*Crofoot, Fraser, Connolly & Stryker* and *Bert L. Dicka-son,* for appellant.

*Leon, White & Lipp, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

FALLOON, District Judge.

This action was brought by the plaintiff, Myrtle E. Swanson, for separate maintenance, custody of the three minor children, ownership of certain property, support money and attorney fees. The defendant, Arthur E. Swanson, answered and cross-petitioned for an absolute divorce, care and custody of the three children and for determination of the title to certain property. Trial was had, taking some eleven days, producing a voluminous transcript of the evidence.

The trial court found against the plaintiff generally, that the allegations of her petition were untrue and not supported by the evidence, and found further generally for the defendant, that the allegations of his answer and cross-petition were true and supported by the evidence. The trial court further found that the plaintiff had been guilty of acts of extreme cruelty towards the defendant so that the legitimate ends of matrimony were destroyed and decreed that the defendant was entitled to an absolute divorce. The trial court further found that the welfare and best interests of the children, ages 14, 11, and 5, required that the defendant was entitled to and should be given the care and custody of the children and that they should be so placed and entrusted, with the right of visitation at reasonable times by the plaintiff, subject to further order of the trial court. The trial court further found the defendant was a fit and proper person to have such care and custody of the children, which was made immediate. The trial court further awarded the plaintiff permanent alimony in the sum of $14,400 payable at monthly rate of $100, but in event of remarriage of

plaintiff, from such time the remaining amount was halved and payable at monthly rate of $50. The trial court decreed that the defendant was to have all personal property, including the household goods, but that plaintiff was entitled to immediate possession of her personal effects. The defendant was also decreed to be the owner of the home residence and also the farm property. The alimony judgment was decreed a lien on the farm property and in addition the defendant was ordered to deposit some $7,000 life insurance policies with the clerk of the trial court as security for the payment of said judgment, but the residence was left absolutely free from said alimony lien. The trial court also awarded plaintiff's attorneys $1,500 in addition to the $100 heretofore allowed and paid. Defendant was taxed all costs except those incurred in connection with the employment by plaintiff of the three investigating detectives.

Both sides filed motions for new trial, which were overruled, and both sides have appealed to this court. This necessitates a trial *de novo* upon the record by this court.

The record discloses that the trial judge was justified in granting an absolute divorce to the defendant and in denying the separate maintenance request of the plaintiff. The testimony discloses that the plaintiff was easily disturbed, that she is of a highly nervous type, that she attempted suicide, that many times she threatened suicide, that she was given to tantrums and violent exhibitions of temperament which she did not attempt to control, making the home life of the parties and their children unbearable and not conducive to the true objects of matrimony or the raising of a family; that the plaintiff knew what she was doing, but was emotionally unstable, and that she failed to cooperate when adjustment was sought is borne out by the testimony not only of the doctors and specialists who treated her, but by the record generally. In other words, she was a badly maladjusted individual. The record discloses many false, vicious and unsubstantiated accusations of defendant by plaintiff which were unjustified and would constitute extreme cruelty within the meaning of the statute.

That parents cannot get along together is unfortunate, for there is no reason to doubt that all parents in their own way love their children and a separation creates some heartaches. To go into details in this opinion will serve no good purpose. The trial court is vested with sound discretion in determining whether a divorce shall be granted and generally an absolute divorce is to be preferred. Unjustifiable conduct which destroys the legitimate objects of matrimony warrants such a decree. A careful analysis of the whole record, without the advantage that the trial court had in observing the witnesses, and their appearance and conduct in the courtroom, warrants the absolute divorce that the trial court awarded. It is the only proper solution. In any event, this question rests in the sound discretion of the trial court and this discretion has not been abused.

To determine who should have the care and custody of the children, the court will always consider their best interests and welfare. There is no duty more delicate or responsible given to any court. At times it is most difficult, but if the decree of the trial court is justified by the evidence, its discretion will ordinarily not be disturbed.

The record discloses that the plaintiff at times was hysterical, not too careful with her language before her children, and given to frequent outbursts of temper and her emotions. She was highly nervous and at times very unstable. She was quite normal when everything went smoothly, but easily changed from one extreme to another. The uncontradicted testimony of the physicians and psychiatrists points out that this mental state of the plaintiff was not conducive to a proper home life. Her attitude before the children was not favorable to their normal development and was beginning to show in their lives. The trial judge had the best opportunity to judge what was for the best interests and welfare of these three minor children and he placed them in the custody of the father, subject to his further order. The record discloses no better solution. The welfare of these children demands the highest consideration of the court and not the desires of the parents.

It is not necessary to set out in detail nor to condense the testimony in this case, as it would serve no useful purpose, but might be embarrassing to the parties concerned, and especially the children, in the years to come. Neither is it necessary to set out the decisions of this court as to the propositions involved in the final determination of this case. Both sides have exhaustively furnished citations which have been carefully considered.

The net worth of the defendant according to the evidence was about $40,000 and his income according to his tax returns for 1937 and 1938 would average better than $1,000 a month. His present salary is $576 a month, to which should be added his commissions, dividends and rentals. The plaintiff furnished $1,000 when the first bungalow was built in 1922, about two years after their marriage. She also bought some articles in the household. The defendant had some property when married, but the testimony is not complete enough to draw an accurate conclusion in regard to this property. The home and farm properties were bought mainly through the means and efforts of the defendant, though taken in the names of both plaintiff and defendant. With these two pieces of real estate, the household goods and Cook Paint & Varnish Company stock make up the property of the parties. There is also evidence of an estate of the deceased father of plaintiff in which plaintiff has an interest. It was proper that the trial court assign this property to the defendant, as was just and equitable, and award the plaintiff alimony. The alimony of $14,400 to the plaintiff was just, and in view of all the property and income, it was proper that the payments be made as the court indicated. This court deems it inequitable that a reduction in case of remarriage by plaintiff should be made. There is no restriction on remarriage put on the defendant and there should be none on plaintiff, under all the circumstances. Her health has not been the best and this conditional reduction should not attach. The defendant at the time of the trial was 49 years of age, while plaintiff was 41 years of age. Both have had some ill health.

The trial court further in its decree exempted the residence property from the alimony lien. There appears to be no valid reason for this exemption.

The decree of the trial court will be affirmed in all particulars, with the exceptions that it should be and hereby is modified to remove the reduction in permanent alimony in case of remarriage of plaintiff and also to eliminate the exemption of the residence property from the lien of the alimony judgment, and to provide that all real estate of the defendant is subject to said alimony lien. The temporary alimony on appeal and advancements allowed by this court are to be properly credited. Plaintiff's attorneys allowed for services in this court $350 to be taxed with defendant's costs, otherwise each party to pay own costs of appeal.

AFFIRMED AS MODIFIED.