DAVE MARTIN, JR., APPELLANT, V. KATHERINE MARTIN, APPELLEE.

17 N. W. 2d 625

FILED FEBRUARY 16, 1945. No. 31882.

*Mothersead & Wright,* for appellant.

*W. H. Kirwin* and *Morrow & Miller, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This is a divorce action commenced in the district court for Scotts Bluff county by Dave Martin, Jr.

The plaintiff appeals from the decree entered July 13, 1944, awarding the defendant, Katherine Martin, an absolute divorce on the grounds of extreme cruelty; the custody of the two minor daughters, Helen, aged 18 years, and Jeanette, aged 10 years; the residence in Scottsbluff, described as lot 6, block 3, Sunset addition to Scottsbluff, subject to encumbrances; certain personal property, primarily consisting of household furnishings and personal effects as more fully described in the decree; and alimony in the sum of $125 per month for the support of herself and minor daughter, Jeanette, same to commence on July 15, 1944, and payable the 15th of each succeeding month until further order of the court.

Custody of the two minor boys, Victor, aged 16 years, and Reuben, aged 15 years, was awarded to the plaintiff, together with all other property owned by the parties not specifically awarded to the defendant.

Two questions are presented by the appeal: First, whether the evidence is sufficient to sustain the decree of absolute divorce in favor of the defendant on her cross-petition; and second, whether the amount and manner of payment of alimony, under the facts and circumstances of the case, are reasonable.

As to the first proposition we have carefully examined the record and do not think it would serve any useful purpose, either to the profession, parties or the public, to set it out in detail or at length. Suffice is to say that the evidence of quarreling, use of profane language, physical violence and conduct of the plaintiff is sufficient to lead us to the same conclusion as that reached by the trial court.

These parties were married on December 28, 1924, and have a family of four children, two boys and two girls. After they were married they lived for some years on the farm and then moved to Scottsbluff where he worked as a plumber and carpenter. They started with very little and their income was modest. However, they are apparently an industrious and economical family for by 1941 they had their home in Scottsbluff subject to some encumbrance,

their household furnishings and a car. In 1941 they returned to farming. The plaintiff continued to work at his vocation during the slack season of this and the following year. This farming venture seems to have been very profitable. In 1942 they bought a farm, fixed it up and moved onto it. This farm they operated in 1942, 1943 and were continuing to operate it in 1944 at the time of trial. The whole family worked on the farm and as a result of their efforts the parties at the time of the trial had accumulated property reasonably worth between $15,000 and $16,000 over and above all debts and encumbrances, plus the 1944 growing crops.

Of this property the house, which had a reasonable equity over and above encumbrances of between $2,200 and $2,-300, was awarded to defendant together with certain personal property described in the decree. In determining whether the additional allowance of $125 per month until further order of the court is reasonable, we apply the rule as stated in *Hild v. Hild*, 135 Neb. 896, 284 N. W. 730: "In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage, their earning ability, the duration of, and the conduct of each during, the marriage, their station in life, the circumstances and necessities of each, as well as their health and physical condition, and whether the property was accumulated before or after the marriage, and from all of such elements the court, in allowing or refusing to allow permanent alimony, will determine the rights of the respective parties and all other matters pertaining to the case." And further, where an absolute divorce has been granted, we think that generally the principle announced in *McGechie v. McGechie*, 43 Neb. 523, 61 N. W. 692, is applicable. This rule is stated as follows: "We do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time. (*Small v. Small*, 28 Neb., 843; *Cochran v. Cochran*, 42 Neb., 612.)"

Applying these principles to the facts in this case, we find that the payment of $125 per month until further order of the court is unreasonable; that a reasonable allowance, in addition to the house and personal property as awarded her in the decree, is the sum of $5,550 payable $75 per month commencing July 15, 1944, and the additional sum of $25 per month for the care and support of the minor daughter, Jeanette, whose custody she has been awarded. The allowance for the care and support of the minor daughter is to commence on July 15, 1944, and continue until she reaches the age of 21 years or until further order of the court.

Costs of this appeal, including an attorney's fee of $100 allowed appellee in this court, are taxed to the appellant.

As modified, the decree of the lower court is affirmed.

AFFIRMED AS MODIFIED.