ALMA E. KOERWITZ, APPELLANT, V. FRANK A. KOERWITZ, APPELLEE.

76 N. W. 2d 264

Filed April 13, 1956. No. 33865.

*Leonard J. Germer, Robert B. Waring,* and *John C. Gewacke,* for appellant.

*W. O. Baldwin,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff, Alma E. Koerwitz, brought suit for a divorce against the defendant, Frank A. Koerwitz. The defendant denied the allegations of plaintiff's petition and cross-petitioned for a divorce. The trial court sustained a motion to dismiss plaintiff's petition at the close of her evidence. Evidence was taken on the cross-petition of the defendant. The trial court granted a divorce to the defendant; gave the custody of their minor son, Gene, age 10, to the defendant; gave the custody of their minor son, Harlan, age 18, to the plaintiff; awarded the home to the plaintiff subject to a second lien in favor of the defendant in the amount of $3,700, payable at the rate of $45 per month; and ordered each party to pay his own costs and attorney's fees. From this decree the plaintiff appeals.

There are but two questions raised by this appeal. The first is whether or not the court erred in granting

the custody of the minor child, Gene, age 10, to the defendant. The second is the correctness of that part of the decree awarding defendant a second lien on the residence in the amount of $3,700, payable at the rate of $45 per month.

Plaintiff and defendant were married on April 12, 1931. Three children were born to the marriage: Donald, age 23; Harlan, age 18; and Gene, age 10. Plaintiff is 45 years of age and the defendant is 51. Plaintiff is employed in a restaurant and beer tavern at Goodland, Kansas, prior to which employment she had been earning approximately $128 per month. Defendant is the custodian of the Deshler high school building and earns a net take-home pay in the amount of $199 per month.

Plaintiff offered evidence in support of her prayer for a divorce on the ground of cruelty. She failed to make a case in the manner required by law and the trial court, on motion, dismissed her petition. The defendant offered evidence in support of his cross-petition for a divorce, which in substance showed the following: Commencing on or about May 19, 1954, the plaintiff commenced keeping company with men other than her husband. The evidence shows that she was out late at night with one Delbert Worm and that she made a trip with him to Sidney, Nebraska, in the company of others. On her return home she demanded a divorce from the defendant. In July 1954, plaintiff became enamored with one Herman Day. In August 1954, Day was working on a highway project near Stromsburg and Osceola. Plaintiff made week-end visits to or near these places where she met Day, according to inferences in the record which appear credible. She wrote letters to Day which found their way into the hands of the defendant, and were offered in evidence and preserved in the record before us. The letters tell a sordid story of a wife's unfaithfulness to her husband and family. On or about September 1, 1954, defendant, after learning of plaintiff's trips to visit Day and after coming into possession

of the letters referred to, left the home and took up his residence elsewhere. On November 1, 1954, Day moved into the home occupied by plaintiff and her sons. A Rev. E. C. Werner called at the home to visit Donald Koerwitz, who had been injured in an automobile accident and was told upon inquiry as to Day's identity: "That is the man my mother is going with." Day left the home during the latter part of January 1955, and went to Goodland, Kansas, where he opened a beer tavern. Plaintiff made many trips to Goodland, ostensibly to visit a son. In May 1955, plaintiff moved to Goodland and began working in the tavern owned by Day. She was working there at the time of the trial.

The record shows that defendant was employed by the school district as a building custodian. He was a hard-working man who was highly regarded in the community. All efforts to show any mistreatment of his wife and children failed. At the time of trial defendant was living with a Mr. and Mrs. Poppe across the street from the school building. The latter offered to help care for the boy, Gene. The Poppe home was shown to be a suitable place for the defendant to care for the boy.

The evidence shows beyond question that the mother was not a fit and proper person to have custody of the boy, Gene. The admitted escapades of the plaintiff brought humiliation and embarrassment upon the defendant and the children, and were in themselves sufficient to show her to be an unfit person to have the custody of her 10-year-old son, Gene. The trial court properly granted the custody of the son, Gene, to the defendant. This conclusion is supported by numerous decisions of the court holding that in awarding the custody of a child the primary concern of the court is the best interests and welfare of the child, having due regard for the rights of the parents. Swanson v. Swanson, 137 Neb. 699, 290 N. W. 908. Children of tender

age are usually awarded to the mother unless it is shown that she is unsuitable or unfit to have such custody. Cowan v. Cowan, 160 Neb. 74, 69 N. W. 2d 300.

The plaintiff complains about the division of property made by the trial court. With reference to the property owned by the parties, the record shows the following: At or shortly after the marriage of the parties, plaintiff's foster mother gave her the residence property here involved which was then of the reasonable value of $1,000. Defendant states that it is now worth $7,500 and the plaintiff fixes its value as $8,000. Defendant purchased materials for the remodeling of the house at the value of $1,206.69, which is conclusively established by the record. Defendant did the work largely himself and estimates the reasonable value of his labor at $1,000. There is a mortgage on the property in the amount of $2,500. It appears that $1,000 represented by the mortgage was used by the plaintiff to purchase an automobile which is represented in the automobile she now has and claims as her own. The balance was used to pay a part of the cost of remodeling the home. The value of the furniture and personalty is estimated at $520. There were debts remaining unpaid at the time of trial amounting to $762.70 which the defendant is obligated to pay. The rental value of the home is shown to be $50 per month.

The evidence shows that defendant had a substantial interest in the residence property. We find that such interest equaled that of the plaintiff. The value of the furniture was $520. The value of the automobile was at least $1,000. We find the value of the property of the parties to be $6,520. Under the record in this case each is entitled to an equal division of that amount, which is $3,260. The trial court awarded all the property to the plaintiff and awarded defendant a second lien on the residence property in the amount of $3,700, payable $45 per month. The present worth of this lien is about $3,058. It is clear therefore that the trial

court brought about an equal division of the property, which we find on a trial de novo on the record to be correct.

The rule applicable in the present case, with reference to the division of the property, is stated in Kidder v. Kidder, 159 Neb. 666, 68 N. W. 2d 279, as follows: "In determining the question of alimony or division of property as between the parties the court will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage; the conduct of each party during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto. From these elements and all other relevant facts and circumstances, the court will determine the rights of the parties and make an award that is equitable and just." See, also, Chambers v. Chambers, 155 Neb. 160, 51 N. W. 2d 310; Eno v. Eno, 159 Neb. 1, 65 N. W. 2d 145.

We find that defendant is entitled to a divorce from the plaintiff on the grounds of extreme cruelty; that defendant is entitled to the custody of the minor son, Gene; that plaintiff is entitled to the custody of the minor son, Harlan, without any order for support as he is self-sustaining; that defendant shall pay the existing debts of the parties existing at the time of the decree of divorce shown to be in the amount of $762.70; that the family residence, furniture and personalty, and the automobile be awarded to plaintiff; and that defendant be awarded a second lien in the sum of $3,700 on the residence property, payable in the amount of $45

per month commencing on the 1st day of June 1955, all in accordance with the terms and conditions in the decree entered by the district court.

AFFIRMED.