GEORGENE SMALLCOMB, APPELLANT, v. O. DAROL SMALLCOMB, APPELLEE.

84 N. W. 2d 217

Filed July 12, 1957. No. 34200.

*Robert B. Conrad* and *Dryden & Jensen,* for appellant.

*Nye & Wolf* and *Robert L. Haines,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff in this action sought a divorce from the defendant on the ground of mental and physical cruelty, the custody of a minor child of the parties, child support, and alimony. Defendant by answer and cross-petition sought a divorce from plaintiff and the custody of the child.

Issues were made and trial was had. The court dismissed plaintiff's petition, granted a divorce to defendant, awarded the custody of the child to the defendant, with rights of visitation by plaintiff, and custody at fixed times. It awarded plaintiff $500 permanent alimony and attorney's fees. Plaintiff appeals.

We affirm the judgment of the trial court.

At the outset we are confronted with a direct challenge by appellee in his brief to the sufficiency of appellant's brief in that it contains no assignments of error.

Section 25-1919, R. R. S. 1943, provides: "The Supreme Court shall by general rule provide for the filing of briefs in all causes appealed to said court. The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; but no petition in error or other

assignment of errors shall be required beyond or in addition to the foregoing requirement. The Supreme Court may, however, at its option, consider a plain error not specified in appellant's brief."

The rules of this court provide:

"a.   Brief of appellant, plaintiff in error, or plaintiff in an original action.   1. Order and Contents of Brief. The brief shall contain the following matters in the order herein set forth:   (1) Index; (2) Statement of questions involved; (3) Statement of the case; (4) Assignment of errors; (5) Propositions of law; (6) Statement of Facts; and (7) Argument."   Rule 8a 1.

"Assignments of Error.   Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed.   However, the court may, at its option, notice a plain error not assigned." Rule 8a 2(4).

Plaintiff in her reply brief sets out the following assignments of error:   "(1) That the lower court erred in failing to grant plaintiff and appellant a divorce; (2) That the lower court erred in granting defendant a divorce on his cross-petition; (3) That the lower court erred in failing to award custody of the minor child to the plaintiff and in awarding custody of said minor child to defendant; and (4) That the lower court erred in failing to award plaintiff an adequate amount of permanent alimony."

The function of assignments of error is to set out the issues presented on appeal.   They serve to advise the appellee of the questions submitted for determination in order that the appellee may know what contentions must be met.   They also advise this court of the issues which are submitted for decision.

The statute requires them.   Our rules both by outline and specific rule, as above quoted, require them to be a part of the appellant's brief.

Rule 8b contains the comparable requirements for an appellee's brief and for obvious reasons makes no reference to assignments of error.

Rule 8c provides that a reply brief shall be prepared in the same manner as the brief of appellee. In general just as the appellee's brief is in answer to appellant's brief, so the reply brief is in answer to appellee's brief. Clearly the court rules do not contemplate nor authorize assignments of error to be made in appellant's reply brief.

We have held that: "A point raised for the first time in the reply brief will not be considered by the appellate court." De Lair v. De Lair, 146 Neb. 771, 21 N. W. 2d 498.

It must be held that assignments of error made for the first time in a reply brief must be held to be insufficient.

Plaintiff urges here that she set out in her brief the grounds assigned as error in her motion for a new trial. We have held that such a recital "is wholly insufficient as an assignment of errors in this court." Labs v. Farmers State Bank, 135 Neb. 130, 280 N. W. 452.

Plaintiff further urges that her assignments of error are contained in her argument. As to that we have held that we are not required to consider assignments of error made only by way of argument. Vanderlippe v. Midwest Studios, 137 Neb. 289, 289 N. W. 341.

Plaintiff cites Cowan v. Cowan, 160 Neb. 74, 69 N. W. 2d 300, and asserts that no separate assignments of error were made there. An examination of the brief of appellant reveals that to be true. However, the sufficiency of the brief was not raised there by appellee, nor did we raise it on our own motion.

Plaintiff further relies on section 25-1925, R. R. S. 1943, providing that appeals to this court in equity shall be tried de novo. However, that act clearly contemplates assignments of error for it provides that this court shall "retry the issue or issues of fact involved in the finding

or findings of fact *complained of* * * * and upon trial de novo of *such question or questions of fact,* reach an independent conclusion * * *." (Emphasis supplied.)

The established rule is: "Under section 25-1919, R. S. 1943, and Revised Rules of the Supreme Court, Rule 8a 2(4), consideration of the cause on appeal is limited to errors assigned and discussed, except that the court may, at its option, note a plain error not assigned." Hartman v. Hartmann, 150 Neb. 565, 35 N. W. 2d 482. We held under the rule that "under the statute and the rule of this court the decree of the district court should be affirmed for want of assignment of error unless from examination of the record and briefs there is a plain error which if regarded would necessitate a reversal and if disregarded would impose unjust results or consequences."

Clearly under the statute and our rules we have the right to note plain error, although not assigned.

Considering the nature of this action and the fact that the custody of a minor child is involved, we have examined this record to determine whether or not there was plain error which, if regarded, would necessitate a reversal and, if disregarded, would impose unjust results or consequences.

We have reviewed the evidence subject to the equity rule that "when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite." Rettinger v. Pierpont, 145 Neb. 161, 15 N. W. 2d 393.

Plaintiff relies on the rule that: "Any unjustifiable conduct on the part of a husband or wife which destroys the legitimate ends and objects of matrimony may constitute extreme cruelty." Spencer v. Spencer, 158 Neb. 629, 64 N. W. 2d 348.

The argument here is devoted largely to the weight

of the evidence and the credibility of the witnesses.

The parties hereto were young people in college when they were married in October 1952. They had no resources. The parents of both, by loans and gifts, assisted them in a financial way. Plaintiff became pregnant shortly after the marriage.

Defendant was industrious and moved from job to job and place to place. He was engaged in tenant farming on irrigated land when plaintiff took their baby and went to the home of her parents. This action for divorce followed.

There is evidence that defendant was subject to blackouts or fainting spells; that he was prone to abuse plaintiff when in a violent temper; and that on occasion he physically abused and used vile language toward the plaintiff.

We have examined this evidence, largely in conflict, and have concluded that defendant's conduct did not destroy this marriage and that a denial of a divorce to the plaintiff was not plain error. We do not deem it necessary to recite the evidence in detail.

Defendant's evidence, which the trial court obviously believed, is that plaintiff was given to a primary purpose of seeking her own pleasures in her own way. She became addicted to the use of intoxicating liquors and sought the company of others of like mind and desires. She had company in the home for that purpose. Defendant at times joined with her but as the reluctant participant. Whenever the necessities of caring for the home and the child, or assisting her husband in his duties, conflicted with her desire for pleasure in the association of others, her pleasure usually controlled her actions.

The evidence is quite persuasive that she was likewise addicted to the use of vile language directed at her husband and her child, and that she used it without restraint in public places and in the presence of others.

These things repeatedly done and said finally resulted

in the attrition that destroyed the legitimate ends and objects of this marriage. We here again do not deem it necessary to set out in detail the evidence. The trial court's decree granting the defendant a divorce was not a plain error nor does it impose unjust results or consequences.

This brings us to the question of the custody of the child. The child, a boy, was 3½ years of age at the time of the trial. The statutory rule is: "Upon pronouncing a sentence or decree of nullity of a marriage and also upon decreeing a divorce, whether from the bonds of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain. * * *." § 42-311, R. R. S. 1943.

We restated the rules applicable in Koerwitz v. Koerwitz, 162 Neb. 411, 76 N. W. 2d 264, as follows: "In awarding custody of a child, the primary concern of the court in its sound discretion is the best interest and welfare of the child, having due regard for the rights of fit, proper, and suitable parents. * * * Children of tender years are usually awarded to the mother unless it is shown that she is unsuitable or unfit to have such custody."

The evidence is that before the trial the child was in the custody of the plaintiff for the first 5 days of each week and the other 2 days was in the custody of the defendant. Plaintiff and the child lived with her parents in a modern home. The good character of the maternal grandmother is not questioned. She is a teacher and necessarily absent from home. She testified that plaintiff and the child were welcome to remain and be cared for in her home. The maternal grandfather did not testify. There is evidence that the child at times has been left with relatives and friends while the mother was absent for her own reasons. There is no particular

showing of the spiritual standards of the maternal grandparents' home.

The defendant lives with his parents in a modern home. Both paternal grandparents testified that the child and the defendant were welcome in the home. The paternal grandparents are shown to be active in religious, civic, and youth work. Witnesses testified as to the high standards of the paternal grandparents' home, and as to the good character and high standards of the defendant and of his religious and civic work. There is credible evidence of the deep attachment of the defendant for the child, and the child's attachment for the defendant and his desire to be with the defendant.

There is persuasive evidence in the record that the plaintiff has throughout the child's life often put her own desires ahead of his best interests. For instance, over the objection of the defendant, she took him to a night ball game when the baby had a severe case of diaper rash. She and the baby returned home late at night. There is evidence that on several occasions she left home during the day, leaving the child with the defendant. He would be compelled, in order to do his farm work, to take the child with him into the fields, around irrigation ditches, and around and on power-driven machinery. Plaintiff knew of the dangers yet was unwilling to stay home to keep the child from them.

There is credible evidence that the child has learned to use and does use some of the vile expressions of the mother, although not knowing their meaning or import.

The trial court placed the custody of the child where his surroundings, teachings, and care would be conducive to a proper training and establishment of physical, mental, and moral standards. It cannot be said that the decision to do so was error.

This brings us to the question of alimony. It was stipulated that all household goods should be awarded to the plaintiff. In addition the court allowed alimony in the sum of $500, with $100 payable at once and the

balance payable on or before January 1, 1958. In addition defendant was charged with the costs of the proceedings, and an attorney's fee of $300 in the trial court.

When the parties were married they had no property other than personal items. Plaintiff's and defendant's parents gave or loaned them money at times. Some of this went into living expenses and some into the purchase of furniture and household equipment. The furniture and household equipment have been awarded to plaintiff.

Defendant purchased machinery when he began his farming operations. He appeared to have been making some headway financially when, in the midst of the growing season, plaintiff took the child and left the home. The evidence is without dispute that the machinery is encumbered by mortgage for more than its value. Defendant has a small equity in an automobile that he requires in his employment. He is not shown to have other property. He has debts, contracted during the marriage relationship for which his creditors are not making pressing demands.

He was employed at the time of the trial on a commission basis. Again, without dispute, it appears that his earnings are hardly large enough to meet current expenses including the payment of child support pending the disposition of this case.

It is in evidence, without dispute, that he does not have the assets to pay the $500 alimony awarded by the court.

It appears that plaintiff has been awarded substantially everything that defendant has by way of property, and yet wants more.

It cannot be said that the determination as to alimony was plain error.

We have determined this cause in the way we are required to do in the light of the way it is presented here. It may be said, however, that had it been pre-

sented here under proper assignments of error the conclusion would have been the same on the matters here considered.

Plaintiff seeks an allowance of attorney's fees in this court. All of the costs in the trial court, including a substantial attorney's fee, have been taxed to the defendant. An affidavit of plaintiff's attorneys filed in this court recites that the defendant has advanced the costs of this appeal, shown elsewhere to have been $378. It further appears that from October 28, 1955, to December 31, 1956, defendant paid temporary support money in the total sum of $520. The notice of appeal was filed here in January 1957. There is no showing as to payments of child support since the appeal was lodged here. Plaintiff filed here a motion for the custody of the child. She later filed a dismissal of the motion on the ground that the child custody had been arranged between the parties.

We have held: "Where the record in a divorce case discloses that the wife's attorney has been allowed an adequate fee for services in the trial court; where the wife appeals and the husband has been required to pay the costs of appeal and support the wife during its pendency; and where no reasonable justification for the appeal appears, an allowance of a fee to the wife's attorney will be denied in this court." Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 208. See, also, Sell v. Sell, 148 Neb. 859, 29 N. W. 2d 877.

In accord with the above rule, the motion for the allowance of an attorney's fee in this court is denied.

The judgment of the trial court is affirmed.

AFFIRMED.

CARTER, J., participating on briefs.