EMMA O. RECKLING, APPELLEE, V. WALTER W. RECKLING, APPELLANT.

111 N. W. 2d 627

Filed November 17, 1961.  No. 35020.

*John McArthur,* for appellant.

*Smith & Smith,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action for divorce brought in the district court for Dakota County by Emma O. Reckling, plaintiff, against Walter W. Reckling, defendant. The trial court granted the plaintiff an absolute divorce, the custody of two minor children, a house that the parties owned, a 1955 Plymouth automobile, various items of

furniture, household goods, and equipment, and certain items of personal property contained in the home; ordered that the defendant be required to pay to the clerk of the district court for Dakota County child support in the amount of $50 a month for each of the minor sons placed in the plaintiff's custody; and ordered that the defendant pay to the clerk of the district court for Dakota County the amount of $150 each month as alimony until further order of the court. The defendant filed a motion for new trial which was overruled, and the defendant appealed.

The record discloses that the plaintiff and defendant were married at Council Bluffs, Iowa, on May 22, 1926, and six children were born to this marriage. The four girls of the family are married, and Larry E. and Ross F. Reckling, minor sons of the parties, are in the custody of the plaintiff. The record further shows that the defendant is employed by the Burlington Railroad Company, has lived in Lincoln since July 17, 1958, and his salary in 1959 was about $8,000. From this was taken his income tax and railroad retirement payments. Larry E. Reckling attends Wayne State Teachers College located at Wayne, Nebraska, and Ross F. Reckling is a junior in the Dakota City high school. During the marriage, the parties acquired a house which is 60 or 70 years old, and they own it as joint tenants. This house is old fashioned with two wall furnaces downstairs and no heat upstairs.

On cross-examination the plaintiff testified that Larry E. Reckling works part of the year when he can; that she was 54 years of age at the time of trial and the defendant was 55 years of age; that she earned $25 a week if she was able to work 24 hours a week, which she was doing at the time of trial; and that Larry E. Reckling was born December 13, 1942, and Ross F. Reckling was born September 25, 1944. This witness further testified that she doubted if she could sell the house for $6,500; that the value of the furniture would

be about $600; and that the car she has is a 1955 Savoy, two-door Plymouth, and the defendant has a 1955 Belvedere deluxe four-door Plymouth.

An appeal lodged in this court from a decree rendered in a suit for divorce brings the case here for trial de novo. See Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847.

"The division of property and allowance of alimony in divorce actions are always to be determined by the facts in each case." Workman v. Workman, 164 Neb. 642, 83 N. W. 2d 368.

"In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such elements the court should determine the rights of the parties and all other matters pertaining to the case." Holmes v. Holmes, 152 Neb. 556, 41 N. W. 2d 919. See, also, Martin v. Martin, 145 Neb. 655, 17 N. W. 2d 625.

As stated in Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51: "We recognize that under our statutes the legislature has enabled the court to retain control over the financial situation of the parties, where it is necessary or advisable to do so. * * * There are cases, and we have so held, where the situation of the parties and the contingencies are such that the amount of alimony cannot be placed in a lump sum without danger that such allowance may prove unjust or inequitable to one or the other of the parties and it is therefore proper for the court to provide for the payment of a stated sum at fixed periods over an indefinite period. However, 'Gen-

erally, we do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time.'" See, also, Martin v. Martin, *supra;* McGechie v. McGechie, 43 Neb. 523, 61 N. W. 692; Swanson v. Swanson, 137 Neb. 699, 290 N. W. 908.

In the light of the record and the foregoing authorities, we conclude that the plaintiff should have the use and benefit of the home described as Lots 10, 11, and 12, Block 89, in the village of Dakota City, Dakota County, Nebraska, and all buildings and appurtenances thereon and thereunto belonging for and during the period of her natural life; and that the defendant shall pay all taxes levied and assessed against said property, both delinquent and as they accrue, the insurance on the dwelling and buildings located on said land, and the reasonable repair of the same. In this connection, it is further ordered that in the event the plaintiff should remarry, said home shall be vacated immediately and possession thereof delivered to the defendant. We further conclude that the $50 allowance for the two minor sons in the custody of the plaintiff should not be disturbed. It is ordered that the plaintiff be awarded alimony in the amount of $15,000, payable in equal monthly installments in the amount of $125 on the first day of each month to the clerk of the district court for Dakota County, Nebraska, from and after the time the mandate issues in this case and for a period of 10 years.

The judgment of the trial court is affirmed as modified.

AFFIRMED AS MODIFIED.