ELIZABETH K. MATSON, APPELLEE, v. CLAUS MELVIN MATSON, APPELLANT.

120 N. W. 2d 364

Filed March 15, 1963. No. 35372.

Lyle B. Gill, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action for divorce by Elizabeth K. Matson, plaintiff and appellee, against Claus Melvin Matson, defendant and appellant. The case was tried to the court and a decree of divorce was rendered in favor of the plaintiff. By the decree also the defendant was required to pay plaintiff $50 a month for the support of a child born of the marriage of the parties and $100 a month as alimony for the plaintiff. There was no limitation of time over which the payments of alimony should extend.

A division of property was decreed concerning which there is no contest. The plaintiff was awarded the custody of the child of the parties, and as to this there is no contest. The defendant was granted the right to visit the child in the home of plaintiff for periods of not more than 2 hours and not more often than once a week.

From the decree which was rendered the defendant has appealed. The propriety of the portion of the decree granting a divorce to the plaintiff is not presented as an issue on the appeal.

Only three questions are presented for consideration here. By one of these the defendant insists that it was error to award alimony of $100 a month for an indefinite period of time. Another is that the allowance of $100 a month as permanent alimony to plaintiff is excessive. The third is that the fixation of the right of visitation of the child of the parties was erroneous.

As to the matter of the fixation and control of the right of visitation, this is a matter which resides in the sound discretion of the district court and is subject to change at any time on proper and sufficient showing. The appropriate rule is stated as follows in Koser v. Koser, 148 Neb. 277, 27 N. W. 2d 162: "The decree of the trial court in a divorce action insofar as minor children are concerned is never final in the sense that it cannot be changed but is subject to review at any time in the light of changing conditions." See, also, Sims v. Sims, 148 Neb. 771, 29 N. W. 2d 378; § 42-312, R. R. S. 1943.

In view of the right of the court to change the matter of custody and the evidence adduced it appears that the restriction on the right of visitation by the defendant with his child is at least for the present unreasonable. There is evidence of bitter antagonism between the parties to the action which, to say the least, would not likely contribute to pleasant, satisfactory, and harmonious visitations, but while the conduct of the defendant as described in the evidence is not of a commendatory character, there is nothing in it the effect of which

would be to say that it could be reasonably assumed that longer periods of visitation or visitations away from the home of the plaintiff would result in physical, mental, or moral harm to the child. The major complaint as to the conduct of the defendant flows from addiction to the use of intoxicating liquor.

Notwithstanding this evidence it is shown that he has been regularly employed as a railroad brakeman for about 12 years and has not failed to support his family. The only basis for the limitation is a suggested inference that he might or would expose the child to the observation attendant upon his use of intoxicating liquor. Unless and until there is some manifestation to the contrary this father should not be deprived of the right of reasonable visitations with his child. If such manifestations should develop, as has been pointed out, the remedy is at hand.

To what extent and in what manner the restriction should be changed is difficult to determine. In Taminosian v. Taminosian, 117 Neb. 285, 220 N. W. 271, in a situation in certain respects similar to this case, this court said: "The father should also have the right to have the son with him one day in each week, if the boy wants to go with him, provided the father does not molest or interfere with the mother or her peaceable occupancy of the home premises."

It does not appear improper, in the light of this observation and what appears reasonable, to conclude that the decree should be modified so as to permit the defendant to have for visitation the child of the parties out of the presence of and away from the home of the plaintiff 1 day a week until the further order of the court.

As to the award of alimony to the plaintiff, it is pointed out that no consideration of a division of property or the value thereof is required. The parties had no property of great value. On separation the plaintiff appears to have taken what she desired and the remain-

der was left to the defendant, and the record does not disclose that either has complained of this.

At the time of trial the defendant was employed as a railroad brakeman and had an income of from $420 to $450 a month. On the trial it was disclosed the monthly obligation to be paid out of his wages was in the vicinity of $200 but there were obligations for payment totaling at least $1,000. This did not include the $50 a month the defendant was required to pay for the support of the child of the parties.

At that time the plaintiff was employed part time. What she received was not disclosed, but she was capable of earning $165 a month. She was entitled to receive $50 a month for the support of the child and was receiving $25 a month for the support of a child by a former marriage.

It was in the light of this that the court rendered its decree awarding the plaintiff alimony of $100 a month without specification or limitation of total amount. At the time the plaintiff was of the age of 40 years and the defendant was of the age of 36 years. There was no evidence indicating that either of them was not in good health.

The defendant urges that this award is improper and excessive. In this connection it is pointed out that there is no hard and fast rule for guidance in the determination of these questions.

It is contended that it is improper in that the rights of the parties are not definitely fixed, that is, the award is without time or limitation, but as to this the decisions of this court admonish but do not command. The attitude of this court in such a situation is expressed in Reckling v. Reckling, 172 Neb. 731, 111 N. W. 2d 627, as follows: "Generally, we do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time."

Notwithstanding this general attitude, it is pointed

out that in instances such an allowance may be found to be proper. It was said in Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51: "There are cases, and we have so held, where the situation of the parties and the contingencies are such that the amount of alimony cannot be placed in a lump sum without danger that such allowance may prove unjust or inequitable to one or the other of the parties and it is therefore proper for the court to provide for the payment of a stated sum at fixed periods over an indefinite period."

The case of Reckling v. Reckling, *supra,* approved this observation and also described the attitude which should be observed by the courts in the consideration of the question of alimony and division of property, as follows: "In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such elements the court should determine the rights of the parties and all other matters pertaining to the case."

An examination of other cases which have been before this court, in the light of this declaration of principle and the evidence here, fails by comparison to disclose a precedent which would justify the allowance of alimony for the plaintiff of $100 a month and without limitation upon the length of period or of total amount.

Without going into further detail the conclusion is reached that the portion of the decree with reference to alimony is erroneous and should be modified. It appears that a reasonable and proper allowance as alimony

would be $3,000 payable at the rate of $50 a month.

That part of the judgment of the district court awarding a divorce to the plaintiff and that part awarding payment of $50 a month for the support of the child of the parties are affirmed. The part awarding custody of the minor child of the parties to the plaintiff is also affirmed, subject however to the right of the defendant to visitation with the child 1 day a week out of the home and presence of the plaintiff. That part which requires the payment of $100 a month as alimony for the plaintiff is reversed and the amount of alimony is fixed at $3,000 payable at the rate of $50 a month until the total amount is paid.

The judgment is therefore affirmed in part and reversed in part and the cause is remanded to the district court with directions to render judgment in accordance with this opinion.

The plaintiff is awarded $100 as a fee for the services of her attorney in this court and the costs are taxed to the defendant.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.