JANICE MAE KING, APPELLEE, V. WAYNE IVAN KING,
APPELLANT.

242 N. W. 2d 632

Filed June 2, 1976. No. 40383.

William E. Pfeiffer of Spielhagen, Spielhagen & Pfeiffer, for appellant.

Richard E. Gee, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and BRODKEY, JJ., and RICHLING, District Judge.

RICHLING, District Judge.

The marriage of the parties hereto was dissolved by a decree signed and entered on February 13, 1974. The decree granted custody of the minor child, Leslie Lynn King, born on August 16, 1971, to the mother-appellee with right of visitation in the father-appellant. From the record, it appears that the court was cognizant of the fact that the appellee did reside with the child in Grand Island, Nebraska, and that the appellant would be residing elsewhere. The decree provided that the visitation occur only within the immediate vicinity of Grand Island. Since the dissolution of the marriage, the appellant has resided in Omaha, Nebraska, and has continued to exercise his rights of visitation by going to Grand Island or its immediate environs.

On July 15, 1975, the appellant filed an application praying for modification as to custody and visitation privileges. He requested that he be allowed to visit his daughter overnight on his regular visitation weekend, and to have the custody of her during the summer months with no territorial restrictions other than the State of Nebraska.

The application was denied. Appeal was taken to this court. We affirm the judgment of the District Court.

On de novo review the evidence before the trial court has been carefully examined.

It is well established that the judgment of the trial court as to the visitation privileges of a parent with an infant child is never final, and is subject to review at any time in the light of changing conditions. Matson v. Matson, 175 Neb. 60, 120 N. W. 2d 364.

However, this Court has held in Passmore v. Passmore, 144 Neb. 775, 14 N. W. 2d 670, that: "In determining the conditions under which a parent may visit the child of divorced parties, the age, health and best interest of the child are to be considered, as is also the convenience of the parent having custody.

"The judgment of the trial court as to the visitation privileges of a parent with an infant child is subject to revision by that court upon proper showing."

Hearing on the appellant's application for modification was had on August 26, 1975.

It appears from the record that the trial court was of the opinion that even though the child was approximately 18 months older than she was at the time of the decree, the child was still of such tender years that the original provisions for visitation should not now be modified.

In addition there was not such change of circumstances as would dictate to this court that it find there was such an abuse of discretion by the trial court as to warrant a reversal.

The judgment of the District Court is affirmed, and

the appellee is awarded the sum of $200 for the services of her attorneys in this court plus costs.

AFFIRMED.