ROSA MANGIAMELI, APPELLANT, v. CARMELO MANGIAMELI, APPELLEE.

45 N. W. 2d 910

Filed February 9, 1951. No. 32869.

*Samuel P. Caniglia,* for appellant.

*Joseph A. Troia,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Rosa Mangiameli, plaintiff, as originally instituted for divorce from bed and board from Carmelo Mangiameli, the defendant. On the trial of the case she declared a willingness to accept a decree of absolute divorce. The defendant filed an answer and cross-petition and prayed for an absolute divorce from the plaintiff.

The cause was tried to the court and a divorce was granted to defendant. By the decree the defendant was awarded title to all of the real estate belonging to the parties. He was also awarded all household goods and furniture except such as was personal to plaintiff. He however was required to pay plaintiff the amount of $3,000 in monthly installments of $50 each.

From the decree the plaintiff has appealed. The substance of the errors assigned as grounds for reversal is that the court erred in granting a divorce to the defendant and not to the plaintiff; that the court erred in awarding title to the real estate and the household goods to the defendant; and that the alimony allowance was inadequate and insufficient. The defendant cross-appealed on the ground that the alimony allowed was excessive. This subject will receive a sufficient answer in the consideration of plaintiff's assignments of error.

The basis of plaintiff's claimed right to a divorce was cruelty. The cruelty claimed consisted of efforts of the

defendant to engage with plaintiff in the sexual relation which she repulsed or tried to repulse on account of pain resulting from her physical condition and physical violence inflicted upon her in connection with his efforts and her refusals.

The substance of defendant's claimed right to a divorce in the light of a fair analysis of his evidence is that the plaintiff without cause or justification and capriciously refused indulgence in the sexual relationship.

The background of this case shows that these parties were married in 1909. They raised a family of seven children. The youngest of these was 21 years of age at the time the case was tried. At the time of trial the plaintiff was 61 years of age and the defendant 65. A few years before the incidents which are the basis of this action occurred a hysterectomy operation was performed upon the plaintiff. In February or March 1949 a "hernioectomy" for the repair of an entrocele, that is the repair of a hernia which occurs in the posterior portion of the pelvis and herniates through the vagina, was performed upon her.

It was after this operation that the difficulties between the parties came about. The plaintiff said that the relationship was too painful and damaging for her to endure.

The testimony of the defendant that plaintiff acted without cause or justification and with caprice is nothing more than a conclusion on his part obviously not based on knowledge which he possessed. The only evidence in the record to give the conclusion a shade of credence was medical testimony that there had been complete healing and there was nothing objective for some time before the trial to indicate that the relationship would be painful to the plaintiff. As a part of the same medical testimony it was made clear that the statements made to the medical witness by plaintiff with regard to pain were accepted by him as true.

It must be said therefore that there has been a total

failure of proof of the grounds relied upon by the defendant for a divorce in his behalf. Accordingly the trial court was in error in granting a divorce to him.

On the other hand plaintiff gave testimony to the acts of which she complained and their consequences in considerable detail. She complained to the operating surgeon who in connection with her complaints made physical examinations with reference to her condition and advised the defendant in relation thereto and as to what should be his conduct under the circumstances. It is sufficiently clear that the defendant ignored this advice and persisted in his efforts and attentions.

The conclusion reached in this connection is that the evidence of plaintiff is worthy of belief and that it received sufficient corroboration within the meaning of law. § 42-335, R. S. 1943; O'Reilly v. O'Reilly, 120 Neb. 720, 234 N. W. 916; Green v. Green, 148 Neb. 19, 26 N. W. 2d 299; Kroger v. Kroger, *ante* p. 265, 44 N. W. 2d 475.

The trial court erred in refusing to grant her an absolute divorce from the defendant.

The remaining question for consideration is that of alimony and division of property. The determination in this respect is to be made in the light of the following rule which has been often repeated: "In determining the question of alimony or division of property as between the parties the court will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage; the conduct of each party during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto. From these

elements and all other relevant facts and circumstances, the court will determine the rights of the parties and make an award that is equitable and just." Strasser v. Strasser, *ante* p. 288, 44 N. W. 2d 508.

The defendant is a cement worker and plasterer. This type of work is seasonal and the amount of time he is enabled to work depends upon weather conditions. After the start of heavy freezing there is little of this kind of work to be done. The rate of pay for such work at the time of trial was $2 an hour for an eight hour day. The plaintiff was never employed during the married life of the parties except in her duties as a housewife. There is nothing to indicate that she has any training or capacity for the performance of any other kind of work.

Over the years the parties acquired real estate described in the cross-petition as the North 44 feet of the West 140 feet of Lot 9, in Kountze's Second Addition to the City of Omaha, Douglas County, Nebraska. It is otherwise known as 1709 South Tenth Street. In the record it was agreed that this real estate with the buildings thereon was of a value of from $6,500 to $7,500. There are two buildings on the land, one a residence and the other a business building. There is no evidence as to the rental value of the business building although it was being rented to a son of the parties for $30 a month. There is no other property except the household goods. The household goods are not accurately described but it is inferred that the value is not great.

The title to the real estate appears to stand in the name of both parties, but whether it is a joint tenancy or tenancy in common does not appear.

Taking into consideration all of the elements necessary to be considered in the fixation of alimony and the division of property in a case where a decree of divorce is granted, with particular reference to the age and physical condition of plaintiff and her income-producing capacity, or rather lack of it, we conclude that

the trial court was in error in divesting her of her interest in and use of the real estate and of the household goods and allowing her instead $3,000 payable as indicated. We conclude that title to the real estate should remain as it now stands but that the plaintiff should have the full, complete, and undisturbed use and occupancy thereof including both buildings for life with remainder to such interest as now stands in defendant's name to him on her death. We conclude that this should be in lieu of alimony in favor of plaintiff.

By interim order the district court taxed an attorney's fee of $200 against plaintiff in favor of her attorney and a like fee against defendant in favor of his attorney. The order, in the following words, made the allowances a lien against the real estate jointly owned by the parties: "* * * the same shall be taxed as a lien against any real estate now owned jointly by the parties hereto until the same is paid."

No error is assigned in the briefs in relation to this, hence the propriety of the procedure will not be discussed beyond the statement that we have found no statute authorizing it.

Attention is called to this for the purpose of exercising the power of this court in an action in equity where the trial is de novo to do that which in equity and good conscience should be done. § 25-1925, R. R. S. 1943; Trowbridge v. Donner, 152 Neb. 206, 40 N. W. 2d 655.

These liens as fixed by the order antedate the final decree of the district court and of course antedate this decision. The fruits flowing to plaintiff from the decision here ought not to be endangered by this apparent lien against the real estate, that is she ought not to stand in danger of having her right to the use and occupancy thereof endangered by the possibility of foreclosure of these apparent liens by the failure of defendant to pay the fee assessed against him and by the possibility of her inability to pay the fee assessed against her. To the extent that the interim order fixed the assess-

ments of attorneys' fees as liens against the real estate it should be vacated and set aside.

The decree of the district court is reversed. The plaintiff is hereby granted an absolute divorce from the defendant. The plaintiff is granted the full, complete, and undisturbed use and occupancy of the real estate described herein including the buildings thereon during her lifetime with remainder to such interest as now stands in his name to the defendant on plaintiff's death. The household goods except personal effects of defendant are awarded to plaintiff. This is in lieu of all alimony and division of property. The lien of the interim order as to attorneys' fees is vacated and set aside. The plaintiff's attorney is allowed an attorney's fee of $100 for services in the district court which is in addition to the $200 contemplated by the interim order which has been discussed and an additional $100 for services in this court. The costs in the district court and in this court are taxed to the defendant.

REVERSED.