NAOMI E. PROSSER, APPELLANT, v. ERNEST J. PROSSER, APPELLEE.

57 N. W. 2d 173

Filed February 27, 1953. No. 33287.

*Jean B. Cain,* for appellant.

*Paul P. Chaney,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff, Naomi E. Prosser, brought a suit for divorce

against the defendant, Ernest J. Prosser. The trial court granted a divorce to the plaintiff, and made a division of property and an allowance of alimony to the wife. Plaintiff appeals.

The only question involved in this case is the correctness of that part of the trial court's decree dividing the property and fixing the alimony. The parties were married on April 29, 1946. The wife was 21 and the husband 23 years of age. There are no children. The wife at the time of her marriage was earning approximately $200 a month as a comptometer operator for the Missouri Pacific Railroad Company. Shortly before the marriage the husband had been discharged from the army and had worked as a filling station attendant and as a railroad employee for a matter of weeks only. On being displaced on the railroad the parties mutually agreed that the defendant husband should attend the University of Nebraska. He was graduated with honors at the end of 3 years.

The record shows that plaintiff worked at the Norden Laboratories in Lincoln during the time defendant was attending the university. She earned and contributed the following amounts to their joint support during this period: 1946, $1,528.57; 1947, $1,657.37; 1948, $1,847.66; and 1949, $1,481.14. In 1950 and 1951 her earnings and contributions were $1,158.38 and $2,949.57, respectively. In addition to this the evidence shows that she assisted the defendant in many ways with his studies and work at the university. She helped him with his job of grading papers and keeping records. She helped him with his lessons when she could, by preparing his statistics and drawing statistical maps for him.

During the same period of time the defendant earned and contributed the following to the family income: 1946, $14.80; 1947, $375.82; 1948, $874.80; 1949, $725.95; 1950, $4,120.88; and 1951, $5,856.26. He received in addition thereto $3,243 subsistence allowance under the G. I. Bill of Rights. The evidence shows that defendant

became a fourth partner in the accounting firm of Glenn, Roberts, Philpot & Prosser on October 1, 1949, and subsequently he became the owner of a one-third interest in Glenn, Roberts & Prosser. It will be noted that the major portion of defendant's earnings were made in 1950 and 1951 after his education had been completed and he had qualified as an accountant. At the time of trial defendant's annual income was estimated at $7,000 a year.

At the time of the trial the parties owned the following property: Furniture that originally cost $2,042.38; government bonds in the amount of $1,225, $925 of which belonged to plaintiff and $300 of which were purchased after the marriage; an automobile costing $3,600 upon which there was a mortgage of $1,500; the amount paid on one-third interest in partnership, $2,720; and cash on hand in savings and loan association, $2,106.03. The record does not disclose the value of the furniture, automobile, or the interest in the partnership at the time of the trial.

The evidence shows that plaintiff was called by the Missouri Pacific Railroad Company on March 26, 1952, for work in Omaha. She declined the work in order to maintain her home with her husband in Falls City. As a result of so doing she lost her seniority rights with the railroad company. At the time of trial, however, she was again employed by the Missouri Pacific Railroad Company at approximately $278 a month. That plaintiff is a competent stenographer and comptometer operator is established by the record.

The decree of the trial court awards the divorce to plaintiff and restores her maiden name, awards the furniture, silverware, dishes, bedding, and linens to plaintiff, awards the savings account of $2,103.06 to plaintiff, awards the $1,225 in government bonds to her, and finds that she is entitled to $500 as alimony. The automobile and the partnership interest are given to the defendant.

The general rule governing a division of property and the allowance of alimony in a divorce action is well set-

tled in this state. It is adequately stated in Waugh v. Waugh, 154 Neb. 325, 47 N. W. 2d 859, and McNamee v. McNamee, 154 Neb. 212, 47 N. W. 2d 383. The division of the property appears to have been made in the only practicable way possible when all the circumstances are considered. The question for determination, therefore, is the adequacy of the alimony award.

The conclusion to be drawn from the facts in the case is plain. The plaintiff had a good position at the time of the marriage. The defendant had no position or property. The parties decided that the best way to success was for the defendant to obtain a college education. This was successfully undertaken. Plaintiff worked and made the contributions hereinbefore set forth. The defendant's earning capacity was small until he finished college and secured a position and then a partnership in an accounting firm. It is clear that plaintiff made a large investment in defendant's future, with the thought no doubt that it was of joint interest to the future of both. But as the defendant's success mounted and he began to assume a higher station in the community, his interest in the plaintiff cooled and he sought the society of another. That this is true stands undisputed in this record. The evidence also shows that this plaintiff was without the semblance of fault and that the divorce was due solely to the conduct of the defendant. The latter appears to have treated the marriage as one of convenience and, when his schooling was completed and his success apparently assured, he was willing to cast her aside and bestow his affections upon one who made no contribution whatever to the success that he now enjoys. We point out that this wife had a right to expect that in the years to come she would share in the benefits derived from the training and ability of the defendant, which she literally helped to bring about. By the court's decree she receives the furniture that cost $2,042.38, the present value of which is not shown; she receives back $1,225 in government bonds, $925 of which were ad-

mittedly hers before the marriage; and lastly, she receives the savings account of $2,103.06, an account which she helped accumulate by holding a steady job. The defendant obtains the automobile in which there is an equity of $2,100 and the interest in the partnership which cannot be accurately valued. The partnership was earning defendant an annual income of $7,000 or more at the time of trial, an income towards which this plaintiff made a very substantial contribution. An allowance of alimony to the wife in the amount of $500 is, under such circumstances, wholly inadequate. It compels the wife to return to her former job to earn a livelihood, while the defendant reaps the benefits which she aided so materially in bringing about. Equitable principles require that the alimony awarded be materially increased.

The statute providing for the allowance of alimony states in part that "the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." § 42-318, R. R. S. 1943. Clearly, under the foregoing provision the earnings of the husband, present and future, are proper elements to be considered in making an award of alimony. Mathews v. Mathews, 186 Okl. 245, 96 P. 2d 1054, 139 A. L. R. 202. This is consistent with the rule announced by this court that the wife's loss of interest in the husband's property by virtue of the divorce; the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the age, condition of health, and earning ability of the parties; and all other relevant facts and circumstances are to be taken into consideration in making a just and reasonable award of alimony. Pasko v. Trela, 153 Neb. 759, 46 N. W. 2d 139; Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847.

Alimony is awarded for the maintenance of the wife

when the conditions exist that the statute requires. It is not an assignment of a portion of the husband's estate and it may, in fact, exceed the value of the husband's personal and real property. Nixon v. Nixon, 106 Kan. 510, 188 P. 227. It should not be allowed as a matter of sympathy to the wife or as a penalty imposed for the misconduct of the husband. It is a provision for maintenance to which she is entitled because of her former marital status out of which it grows. In determining the amount of alimony to be awarded in the present case the relative or comparative fault of the parties is a material element. The age of the parties and the duration of the marriage have evidential value. The social standing, comforts, and luxuries of life which the wife probably would have enjoyed are to be weighed in fixing the amount. The earnings of the husband and his ability to earn are particularly important in this case when viewed in the light of the contributions made thereto by the wife. We cannot overlook the fact that defendant has seen fit to treat the marriage as a matter of convenience to be cast aside when the material fruits have been realized. Justice and equity require that we, too, treat the situation from the same viewpoint when we are called upon to adjust the differences brought about by the dissolution of the marriage relation through the fault of the defendant alone. After considering all the facts as set forth in this record and the principles applicable thereto, we think that justice and right require that plaintiff be awarded alimony in the sum of $6,500 in lieu of the $500 allowed by the trial court, payable $100 per month commencing March 1, 1953. The decree of the trial court is in all other respects affirmed. An attorney's fee of $350 is allowed the plaintiff in this court.

AFFIRMED AS MODIFIED.