IRVIN WAYNE MCKINLEY, APPELLANT, V. JUDITH MCKINLEY, APPELLEE.

157 N. W. 2d 405

Filed March 22, 1968. No. 36758.

Knapp & Tarrell, for appellant.

Mitchell, Taylor & Beatty, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

CARTER, J.

Plaintiff, Irvin Wayne McKinley, brought this action for divorce against the defendant, Judith McKinley. The trial court granted a divorce to the defendant and granted the custody of the minor children of the parties to the defendant. The court made a division of the property and an allowance of child support, alimony, and attorney's fees. The plaintiff has appealed.

The only issues on this appeal are the correctness of that part of the trial court's decree dividing the property and fixing the amount of the child support, alimony, and attorney's fees.

The parties were married on June 30, 1963. Two children were born to the marriage, Beverly, age 3 years, and Brian, age 1 year. At the time of trial the defendant was 24 years of age and the plaintiff was approximately the same age. Both were attending college in Ottawa, Kansas, at the time of the marriage and neither completed work for a degree. They moved to Kearney, Nebraska, shortly after their marriage where they have resided for more than 2 years. Plaintiff has been employed by Slatter Food Service as director of dining services at Kearney State College. Plaintiff's gross

earnings have been aproximately $9,000 per year with an average take-home pay of $600 per month. The parties do not own a home and they have accumulated no savings. They own some personal property and owe some sizeable debts. It is evident from the record that the cause of the divorce is the fault of the plaintiff.

The record shows that the income of the plaintiff was used up in living expenses during the period of the marriage. They had an automobile of the present value of $600. They also had the following property on which they listed the cost price: Household furniture, $1,950; a set of encyclopedias, $398; a sewing machine, $300; a washing machine, $312; a reclining chair, $150; a television set and stereo, $1,000; and miscellaneous items such as dishes, small appliances, and the like, $500. Each had an insurance policy providing protection but of little actual value. Plaintiff participated in a stock profit-sharing plan that had an actual value of $126 at the time of the trial. Plaintiff also participated in a pension plan which had an actual value of $70. The last two items were deducted from his gross earnings. They also had an interest in a mutual fund that had a small value. The total value of their property on the above basis of calculation amounted to approximately $5,406.

The parties owed the following debts: First National Bank, $1,833; Platte Valley State Bank, $398; government educational loan, $1,200; medical bills, $170; a total of $3,061. The monthly payments due on these long-term obligations amounted to approximately $112 other than the deductions made from plaintiff's gross earnings.

On these facts, the trial court, after considering the living expenses of the defendant and her two small children and the requirements of the plaintiff in maintaining himself, entered a decree providing substantially as follows: The plaintiff was awarded the automobile, the television and stereo set, his golf, hunting, and fishing equipment, and his personal belongings. The de-

fendant was awarded the balance of the furniture, appliances, and the dishes, linens, and other miscellaneous items. In addition, defendant was awarded $85 per month per child for the support of the children, $150 per month for 2 years as alimony, and attorney's fees in the total amount of $475 for services rendered in the district court by her attorney.

We feel that the division of property was correct. Reckling v. Reckling, 172 Neb. 731, 111 N. W. 2d 627. The allowance of child support is not excessive under all the circumstances. The allowance of alimony in the amount of $3,600 is entirely proper under our holdings in Prosser v. Prosser, 156 Neb. 629, 57 N. W. 2d 173, and Sowder v. Sowder, 179 Neb. 29, 136 N. W. 2d 231. We cannot say that the allowance of attorney's fees in the amount of $475 is excessive in view of the fact that there were two trials of the case in district court. The problem before this court, as it was in the district court, is the apportionment of the earnings of the plaintiff between the creditors of the parties, a sufficient amount to maintain the wife and the two small children, and a sufficient amount for the husband to maintain himself.

In this respect, the wife is unable to work or to prepare herself to work by completing her college education without incurring the additional expense of caring for the children in her absence. On the other hand, the husband is charged with the obligation of making payments in retiring the debts incurred during the marriage. Each of the parties will have to make some sacrifices until some of the debts are paid and more money is thereby made available for the maintenance of two households instead of one. Luxuries such as membership in clubs and organizations must be curtailed when necessary to carry out the primary obligations of the parties.

We affirm the division of property, the award of child support, and the allowance of attorney's fees by the district court. We modify the award of $3,600 as ali-

mony to provide that such amount shall be paid at the rate of $100 per month for 3 years. Alimony and child support payments will commence as of the termination of the child support ordered paid during the pendency of the action. The costs of this appeal are taxed to the plaintiff, including an attorney's fee in the amount of $250 for services rendered by defendant's attorney in this court. The decree of the district court is affirmed as so modified.

AFFIRMED AS MODIFIED.

SMITH, J., participating on briefs.